# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MCFARLAND and<br>THERESA MCFARLAND, his wife,<br><br>    Plaintiffs,<br><br>            v.<br><br>MOHAMUD MUSE, Individually and<br>t/d/b/a MUSE TRUCKING and<br>ABDIKADIR LIBAN,<br><br>    Defendants. | CIVIL ACTION NO. 3:05-CV-1155<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Plaintiff filed a Writ of Summons in the Court of Common Pleas of Luzerne County on April 28, 2005 (Doc. 1, Ex. A.)  Defendants removed the case to this Court, asserting that federal jurisdiction existed based on diversity of citizenship and an amount in controversy in excess of $75,000.00.  The former is alleged in the Notice of Removal, as is the latter.  The Writ is silent as to diversity and an amount in controversy, and Plaintiff never filed a complaint.  The Defendants argue that statements by Plaintiff in interrogatories in aid of preparation of the complaint and a letter from Plaintiffs' counsel describing the Plaintiffs' injuries, establish the amount in controversy requirement.

Defendants removed to federal court based on the Writ of Summons.  However, a Writ of Summons, which is used in Pennsylvania state courts to initiate an action, is not an "initial pleading" removable to federal court under 28 U.S.C. § 1446(b).

Section 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b).

"At a minimum, there must have been an 'initial pleading setting forth the claim for relief' received by the defendant before a defendant may invoke this provision." *Gervel v. L & J Talent,* 805 F. Supp. 308, 308 (E.D. Pa. 1992).

"[T]he Federal Rules and the removal statute presuppose that an initial pleading setting forth a claim for relief has been filed . . . Without such an initial pleading, the removal of a Writ of Summons alone is premature since [the federal court] cannot have subject matter jurisdiction." *Gervel,* 805 F. Supp. at 309 (citing *Cf. Easton Area Joint Sewer Authority v. Bushkill-Lower Lehigh Joint Sewer Authority,* 517 F. Supp. 583 (E.D. Pa. 1981)). *See also Craig v. Lake Asbestos of Quebec, Ltd.,* 541 F. Supp. 182 (E.D. Pa. 1982); *Rowe v. Marder,* 750 F. Supp. 718 (W.D. Pa. 1990), *aff'd* 935 F.2d 1282 (3d Cir. 1991); *Cf. Mitchell v. Joseph's Supermarkets, Inc.,* 712 F. Supp. 59, 64 (W.D. Pa. 1989).

Moreover, letters from counsel cannot serve as a basis to establish jurisdiction. *See, MP III Holdings v. Hartford Cas. Ins. Co.,* No. 05-1569, 2005 U.S. Dist. LEXIS 10654, *13-14 (E.D. Pa. 2005). The Writ of Summons does not set "forth the claim for relief upon which such action is based." 28 U.S.C. § 1446(b).

Accordingly, the Writ of Summons is not an initial pleading subject to removal under § 1446(c), and therefore the case will be remanded to the Court of Common Pleas of

Luzerne County.

 An appropriate Order follows.

Date:  September 1, 2005        <u>s/ A. Richard Caputo</u>
                  A. Richard Caputo
                  United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS MCFARLAND and THERESA MCFARLAND, his wife,<br><br>  Plaintiffs<br><br>  v.<br><br>MOHAMUD MUSE, Individually and t/d/b/a MUSE TRUCKING and ABDIKADIR LIBAN,<br><br>  Defendants. | NO. 3:05-CV-1155<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 1st day of September, 2005, upon consideration of the Plaintiffs' Motion for Remand (Doc. 4), and for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (Doc. 4) is **GRANTED**, and this case is **REMANDED** to the Court of Common Pleas of Luzerne County.

The Clerk of Court is directed to close this case.

                                                   s/ A. Richard Caputo
                                                   A. Richard Caputo
                                                   United States District Judge